| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br>James G. Beirne (SBN 163755)<br>16633 Ventura Boulevard, Suite 1200<br>Encino, CA 91436<br>Tel: 818-224-4500<br>Fax: 818-942-6085<br>Email: jbeirne@beirnelawfirm.com<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Debtor Telesia K. Langi | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**APR 07 2014**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** Gonzalez **DEPUTY CLERK** |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: TELESIA K. LANGI<br><br><br><br><br>Debtor(s) | CHAPTER 13<br><br>CASE NO.: 1:14-bk-10290-MT<br><br>DATE: March 25, 2014<br>TIME: 9:00 am<br>CTRM: 301 |

# ORDER ON MOTION TO AVOID JUNIOR LIEN ON REAL PROPERTY
## (CREDITOR HOLDING JUNIOR LIEN: *JPMORGAN CHASE BANK, N.A.*)

1. The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property ("Subject Property"):

   Street Address: 16321 Chatsworth Street
   Apartment/Suite No.: _____
   City, State, Zip Code: Granada Hills CA 91344

   Legal description or document recording number (including county of recording):

   ☒ See attached page.

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. *Bank of America, N.A.* in the amount of $ *476,621*  ☐ is  ☒ is not  to be avoided;

   b. *JPMorgan Chase Bank, N.A.* in the amount of $ *56,142*  ☒ is  ☐ is not  to be avoided;

   ☐ See attached page for any additional encumbrance(s).

4. The motion is:
   a.   ☐ DENIED   ☐ with  ☐ without   prejudice, on the following grounds:
      1. ☐ Based upon the findings and conclusions made on the record at the hearing
      2. ☐ Unexcused non-appearance by Movant
      3. ☐ Lack of proper service
      4. ☐ Lack of evidence supporting motion
      5. ☐ Other (specify):

Order On Motion to Avoid Junior Lien on Real Property - *Page 2 of* ____

| In re Telesia K. Langi | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NO.: 1:14-bk-10290-MT |

    b.  ☒GRANTED on the following terms:

        i. The Subject Property is valued at no more than $420,000 based on adequate evidence.

        ii. This order is effective upon receipt of a chapter 13 discharge in this case.

        iii. Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.

        iv. The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.

        v. The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the Trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.

        vi. The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon the Debtor's completion of the chapter 13 plan and the Debtor's receipt of a chapter 13 discharge.

        vii. The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, if the Debtor completes the chapter 13 plan but does not receive a discharge, or if the Subject Property is sold or refinanced prior to the Debtor's receipt of chapter 13 discharge.

        viii. In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's completion of the chapter 13 plan and receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the surplus proceeds from the foreclosure sale for the full amount due and owing under the note and deed of trust.

        ix. ☐ See attached continuation page for additional provisions.

###

Date: April 7, 2014

*/s/ Maureen A. Tighe*
Maureen A. Tighe
United States Bankruptcy Judge

## LEGAL DESCRIPTION

LOT 3 OF TRACT NO. 19918, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 695 PAGES 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN NO: 2680-021-031